**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY**

| | |
|---|---|
| PAVILION PROPERTIES LLC, an Oregon limited liability company, d/b/a PAVILION CONSTRUCTION,<br><br>Plaintiff,<br><br>vs.<br><br>SEATTLE CITY LIGHT,<br><br>Defendant. | No.<br><br>COMPLAINT |

## I. NATURE OF THE ACTION

1.  Pavilion Properties LLC, d/b/a Pavilion Construction occupied properties in the City of Seattle between approximately December 2015 and March 2017, and paid the local electric utility, Seattle City Light, for electric service during that time. After receiving unusually costly electricity bills from Seattle City Light, Pavilion Construction disputed the accuracy of Defendant's electricity assessments and related charges. Unknown to Pavilion Construction at the time, Seattle City Light began to charge customers erroneously for electric service during the time material to this Complaint by using unreliable "smart meter" technologies to measure customers' energy consumption and to bill customers for the same. As Defendant is aware, many customers, including the Plaintiff, have alleged that Defendant's smart meter technology inaccurately gauges their energy consumption.

COMPLAINT - 1

**Smith & Dietrich Law Offices PLLC**
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

2. Immediately following Defendant's rollout of its smart meter systems starting around September 2016, Pavilion Construction's energy bills increased by approximately fifty times in value from their historic average cost. Plaintiff did not meaningfully change the amount of energy it was consuming throughout the time Plaintiff was an energy customer of Seattle City Light. Rather, the increase in the assessed energy consumption on Plaintiff's energy bills, and the charges Plaintiff received from Seattle City Light, were due to the faulty smart meter technologies Defendant implemented to bill the public for electricity. Specifically, it appears that Plaintiff was being charged for energy that was in fact used by parties other than the Plaintiff.

3. Defendant has wrongfully refused to correct numerous inaccuracies in its electricity usage assessments and in the resulting charges to Pavilion Construction. Instead, Defendant has charged Plaintiff for energy that Plaintiff never consumed in violation of Pavilion Construction's right to equal protection of the laws. Seattle City Light has attempted to deprive Pavilion Construction of its property without due process of law and has attempted to unconstitutionally take the Plaintiff's property by seeking to collect amounts from Plaintiff to pay for electricity Plaintiff never used. Pavilion Construction now brings this action[1] to enjoin Seattle City Light from its wrongful scheme to charge Plaintiff for services that Plaintiff never received, and Pavilion Construction seeks monetary relief for Plaintiff's damages from Seattle City Light's wrongful billing scheme including attorney fees and costs of this action.

## II. PARTIES

4. Plaintiff Pavilion Properties LLC d/b/a Pavilion Construction (Pavilion Construction in this Complaint) is an Oregon limited liability company (UBI No. 602-756-619) with its main place of business located at 6720 SW MacAdam Avenue, Suite 310, Portland, OR, 97219-2370.

---

[1] Claims asserted in this Complaint are specifically limited to Plaintiff's allegations that Seattle City Light violated its state and federal constitutional rights through the scheme alleged below. Pavilion Construction perfected the filing of its notice of a claim for damages with the City of Seattle Clerk's Office on March 22, 2021. Pavilion Construction reserves its right to seek to amend this Complaint after 60 days has elapsed following that filing to allege additional legal theories if necessary.

COMPLAINT - 2

**Smith & Dietrich Law Offices PLLC**
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

5. Defendant Seattle City Light is a department of the City of Seattle that operates as both a quasi-municipal electric utility and as a private proprietor of electricity. Its principal place of business is in Seattle, Washington. Seattle City Light is governed by Seattle Municipal Code Chapter 3.08 and is charged with implementing SMC Chapter 21.49.

6. Whenever this Complaint refers to any act, deed, or conduct of the Defendant, the allegation means the defendant engaged in the act, deed, or conduct by or through one or more of its officers, agents, employees, or representatives who was actively engaged in the management, direction, control, or transaction of the Defendant's ordinary business and affairs. Each act and threat to act alleged below was done by Defendant under color and pretense of the statutes, ordinances, regulations, customs and usages of the City of Seattle and Washington state.

### III. VENUE AND JURISDUCTION

7. King County Superior Court has jurisdiction pursuant to the Washington Constitution, Article 4, § 6 and RCW 4.12.020.

8. Venue is proper pursuant to RCW 4.12.020.

9. This action should be assigned to the Seattle division of this Court due to Defendant's location in the City of Seattle.

### IV. FACTUAL ALLEGATIONS

10. In December 2015, and continuing until approximately March 2017, Pavilion Construction managed a construction site located at 6814 Roosevelt Way NE in the City of Seattle. Later, from approximately February 2016 to January 2017, Pavilion Construction also rented office space in Seattle at 6717 Roosevelt Way NE.

11. Pavilion Construction entered into a contract with Seattle City Light to obtain electricity service at Plaintiff's two metered locations in the City of Seattle described above. Seattle City Light was the only electricity provider available to service Plaintiff's locations.

12. Starting on approximately December 10, 2015, Pavilion Construction became obligated to pay for electricity service at its location(s) in the City of Seattle.

COMPLAINT - 3

Smith & Dietrich Law Offices PLLC
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

13. For several months, Seattle City Light issued periodic statements assessing Pavilion Construction for energy usage as measured in kilowatt hours and requesting payment for the same, and Pavilion Construction paid these amounts as requested. These initial bills were based upon the City of Seattle's legacy energy meters that were generally reliable, but that needed to be read by a meter reader. Pavilion Construction's initial account statements for the 6814 Roosevelt Way NE service address (meter 887817) are summarized below:

| Date of statement | Dates of service | Energy consumption assessed (in kWh) | Cost charged |
|---|---|---|---|
| 2/1/16 | 12/10/15-1/26/16 | 2,846 | $236.13 |
| 4/15/16 | 1/26/16-4/11/16 | 2,389 | $202.59 |
| 5/16/16 | 4/11/16-5/10/16 | 1,192 (estimated) | $101.08 |
| 6/14/16 | 5/10/16-6/8/16 | 1,883 | $159.68 |
| 7/14/16 | 6/8/16-7/6/16 | 2,067 | $175.28 |
| 8/30/16 | 7/6/16-8/2/16 | 1,528 | $129.73 |

14. Seattle City Light was in the middle of a system-wide project to upgrade its service to a so-called "smart meter" system in the initial months of Pavilion Construction's relationship with Defendant. This project was meant to limit Defendant's costs to employ meter readers to travel throughout the City of Seattle and directly review and log electricity consumption as reported by Defendant's legacy energy meters. The upgrade project included replacing Seattle City Light's existing metering system with an AMI (Advanced Metering Infrastructure) system, including a Meter Data Management (MDM) data system, a Customer Care Billing (CCB) system, installation of a communication system (the infrastructure that was to collect data from the meters and transmit the data to the MDM system), and the replacement of over 400,000 electric meters.

15. Seattle City Light went live with its Meter Data Management and Customer Care Billing systems in or around September 2016.

COMPLAINT - 4

Smith & Dietrich Law Offices PLLC
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

16. Pavilion Construction's energy account with Seattle City Light was switched to Seattle City Light's new CCB and MDM systems in or around September 2016.

17. Seattle City Light was aware at or soon after the time it activated the MDM and CCB systems that many customers' readings in the new systems diverged markedly from historical meter readings and billing amounts immediately preceding the transition. Readings obtained from the new MDM system were apparently unreliable and inaccurate for these customers. Nevertheless, Seattle City Light used the apparently inaccurate data from its new systems to issue bills to its customers for electricity usage.

18. In 2017, Seattle City Light received many complaints that customer bills were several times higher than previous bills. Seattle City Light ignored the red flags showing that its own billing systems for energy usage were inaccurate, and directed its employees to continue to use the CCB and MDM data to assess and charge customers for energy usage.

19. After Pavilion Construction's energy usage began to be assessed and billed under the new CCB and MDM system, the following summarizes the resulting usage data asserted by Seattle City Light and the related charges against Pavilion's meter number 872287:

| Date of statement | Dates of service | Energy consumption claimed (in kWh) | Cost charged |
|---|---|---|---|
| 9/15/16 | 8/8/16-9/6/16 | 7,480 (estimate) | $644.03 |
| 10/7/16 | 9/6/16-10/5/16 | 8,280 | $712.91 |
| 11/10/16 | 10/5/16-11/3/16 | 7,760 | $668.14 |
| 12/14/16 | 11/3/16-12/7/16 | 9,360 | $805.90 |
| 1/12/17 | 12/7/16-1/9/17 | 281,240 | $24,697.99 |
| 2/15/17 | 1/9/17-2/9/17 | 107,440 | $9,927.46 |
| 4/17/17 | 2/9/17-4/10/17 | 2,920 | $269.81 |

20. As summarized above, immediately upon Seattle City Light's transition to its new and inaccurate systems in September 2016, a huge increase took place in the amount of energy

COMPLAINT - 5

Smith & Dietrich Law Offices PLLC
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

1  usage Defendant attributed to Pavilion Construction and Plaintiff's energy bills increased
2  accordingly. Between December 2015 and August 2, 2016, while Seattle City Light's old meters
3  and billing systems were in place, Pavilion Construction was accurately assessed for its energy
4  consumption at its main construction site on Roosevelt Way NE at an average (arithmetic mean)
5  rate of 1,984 kWh of usage, and $167.42 in charges, per billing cycle. Following Seattle City
6  Light's "upgrade," the averages as claimed by Seattle City Light increased to 60,640 kWh and
7  $5,389.46 in charges per billing cycle. This was an increase of approximately thirty times or
8  more in attributed usage (and over 32 times the per-statement-period charges) following Seattle
9  City Light's unreliable new systems being activated on Pavilion Construction's energy account.

10  21.  Pavilion Construction did not meaningfully increase its energy consumption at its
11  serviced locations in Seattle during the time period at issue in this lawsuit.

12  22.  Using the limited information available to it at the time, Pavilion Construction
13  disputed the validity of Seattle City Light's electricity bills. Seattle City Light misleadingly
14  claimed that it could not reduce any of the amounts in its bills because doing so would constitute
15  a gift of public funds.

16  23.  On March 27, 2018, Seattle City Light withdrew and cancelled all outstanding
17  amounts it had charged to Pavilion Construction and recalculated the amounts at issue. Pavilion
18  Construction continued to dispute its obligation to pay the recalculated amounts, which totaled
19  approximately $40,290.69 following Seattle City Light's various cancelled, adjusted, and
20  recalculated billings effective March 27, 2018.

21  24.  The most significant amounts Seattle City Light wrongfully claimed that Pavilion
22  Construction owes for energy service in the March 27, 2018 recalculated billings are summarized
23  below:

26  //

COMPLAINT - 6

| Date of statement | Dates of service | Energy consumption claimed (in kWh) | Cost charged |
|---|---|---|---|
| 3/27/2018 | 10/5/16-11/3/16 | 79,840 | $6,874.22 |
| 3/27/2018 | 11/3/16-12/7/16 | 95,480 | $8,220.83 |
| 3/27/2018 | 12/7/16-1/9/17 | 123,040 | $10,805.15 |
| 3/27/2018 | 1/9/17-2/9/17 | 107,440 | $9,927.46 |
| 3/27/2018 | 2/9/17-3/11/17 | 64,600 | $5,969.04 |

The amounts reflected above yield an average billed energy consumption per statement period of 94,080 kWh and an average charge of $8,359.34. This is over 47 times the average rate of purported energy consumption in Pavilion Energy's billings under Seattle City Light's old billing system, and nearly 50 times the average amount of charges per statement period.

25. Starting on March 27, 2018, and continuously since then, Seattle City Light has attempted to collect wrongfully inflated charges for energy service totaling approximately $40,290.69 or more from Pavilion Construction. These charges grossly overstate the actual amount of energy consumption and resulting charges that Pavilion Construction incurred during the underlying period of energy service, because of the Defendant's deliberate decision to continue using its unreliable smart meter systems.

26. Seattle City Light has hired one or more debt collectors to attempt to collect the outstanding amounts claimed by Defendant as due and owing from Pavilion Construction. Defendant's debt collectors have dunned Pavilion Construction with account statements and demands for payment.

27. Pavilion Construction has continuously sought Seattle City Light's assistance to correct Defendant's errors in its energy assessments and its billings for electricity use. Pavilion Construction participated in an internal appeal process managed by Seattle City Light in an effort to obtain relief from Seattle City Light's inaccurate assessments and billings.

28. Throughout Pavilion Construction's efforts to obtain relief from Seattle City Light's erroneous assessments and billings for energy use since March 27, 2018, Defendant has

misleadingly and deceptively concealed the inaccurate nature of its own Meter Data Management and Customer Care Billing systems from Pavilion Construction. Defendant has withheld information including that it received a large volume of complaints substantially similar to Pavilion Construction's that allege Seattle City Light's energy bills are miscalculated and outlandishly excessive in that Defendant bills customers for energy that the customer never used.

29. On or around August 26, 2020, Pavilion Construction filed an appeal with Seattle City Light's Hearing Office seeking to contest the outstanding billed amounts. Defendant's Hearing Officer reviewed data retrieved from Defendant's MDM system and concluded that "thus far, all disputed charges appeared to be valid." Plaintiff's representative told the Hearing Officer that it was impossible for Pavilion Construction to have consumed such enormous amounts of energy as Seattle City Light claimed, and that all Plaintiff's prior construction projects had never incurred similar high energy demands. Defendant's Hearing Officer rejected Pavilion Construction's challenge to the outstanding charges on the basis that "City Light's billings are assumed to be correct...."

30. Defendant issued a written final decision in Pavilion Construction's appeal on March 8, 2021. The written decision states that, based upon the reasoning summarized in the paragraph above, Pavilion Construction owes Seattle City Light at least $40,290.69. The letter closes with the statement that "<u>If the account is not paid in full or if the payment arrangement is not accepted by close of business day April 7, 2021—the account will be forwarded to our City Attorney's Office for collection</u>." (Emphasis in original.)

31. The total amount of energy billed by Defendant to its customers should equal the amount of energy produced by Defendant's power generation facilities. Because customers including Pavilion Construction have been wrongfully charged for energy that they did not use, presumably other customers are being undercharged for energy that those customers used.

32. Plaintiff faces an imminent threat of deprivation of its constitutionally protected property interests. Seattle City Light has attempted to dun Pavilion Construction in the past to

COMPLAINT - 8

collect the alleged debt at issue. Seattle City Light intends to use legal process to compel Pavilion Construction to pay the wrongfully assessed billings at issue in the immediate future.

33. Unless and until Defendant is restrained by order of this Court, Defendant will continue to demand payment for the wrongfully determined energy bills described above.

34. Unless and until this Court declares Defendant's wrongful smart meter billing practices alleged above to be unconstitutional, Defendant will continue to perpetuate its scheme to attempt to recover payment from customers for services Defendant knows or should know the customers never received.

35. All of the acts of the Defendant, its officers, agents, servants, and employees, as alleged herein, were done or are threatened to be done under color and pretense of the statutes, ordinances, regulations, customs, official policies, official procedures, and usages of the City of Seattle and the State of Washington.

36. Plaintiff is suffering irreparable injury from Defendant's efforts to obtain payment of its inaccurate bills, and will continue to suffer irreparable injury until the threat of an effort to collect the related amounts is lifted.

## V. CLAIMS

**FIRST CAUSE OF ACTION**
**(42 U.S.C. § 1983: Equal Protection—United States Constitution, XIV Amdt. and Washington Constitution, Article I, Section 12)**

37. Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

38. Seattle City Light deliberately and intentionally maintains a smart meter system that Defendant knows or has reason to know is highly inaccurate in assessing many of its customers for energy use.

39. Seattle City Light's actions and threatened actions pursuant to its smart meter billing system unconstitutionally violate, as applied or threatened to be applied, the Plaintiff's affirmative right to equal protection of the laws under the United States Constitution,

Fourteenth Amendment, and Plaintiff's corresponding rights under Washington Constitution Article I, Section 12.

40. Specifically but not exclusively, Seattle City Light's policies and practices related to operating its smart meter system effectively classify its customers into two classes: customers like Plaintiff who Seattle City Light knows or should know are being inaccurately overbilled for energy due to the implementation of the Defendant's smart meter system, and Defendant's other customers.

41. Seattle City Light has no legitimate government interest justifying its intentional classification of its customers as stated above. Defendant's classification of its customers described above is not rationally related to any legitimate government interest.

42. As a direct consequence of Defendant's acts and threatened acts, customers including the Plaintiff who have no alternative but to purchase electricity from Defendant are arbitrarily singled out to pay for services that they never received, while other customers are spared these overcharges or perhaps are undercharged as a result of the same scheme.

**SECOND CAUSE OF ACTION**
**(42 U.S.C. § 1983: Substantive Due Process—United States Constitution, XIV Amdt. and Washington Constitution, Article I, Section 3)**

43. Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

44. Seattle City Light's actions and threatened actions in implementing its smart meter billing system unconstitutionally violate, as applied or threatened to be applied, the Plaintiff's affirmative right to substantive due process of law under the United States Constitution, Fourteenth Amendment, and Plaintiff's corresponding rights under Washington Constitution Article I, Section 3.

45. The relevant federal and state constitutional provisions protect property interests against certain governmental impositions irrespective of the fairness of the procedures utilized.

COMPLAINT - 10

Smith & Dietrich Law Offices PLLC
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

This substantive guarantee is intended to prevent state actors from employing their power in an abusive or oppressive manner.

46. Defendant's action in assessing Plaintiff for energy it did not use violates substantive due process by depriving or threatening to deprive Plaintiff of its constitutionally protected property. Specifically, Seattle City Light threatens to collect at least $40,290.69 from Plaintiff based upon inaccurate energy billings generated by Defendant's smart meter system.

47. Defendant's scheme to use its inaccurate smart meter system to charge customers including Plaintiff for energy they did not use is unconstitutionally arbitrary and does not serve any legitimate government interest.

### THIRD CAUSE OF ACTION
**(42 U.S.C. § 1983: Unconstitutional Taking—United States Constitution, V Amdt. and Title 8 RCW: Washington Constitution, Article I, Sec. 16)**

48. Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

49. The Takings Clause of the Fifth Amendment provides that private property shall not "be taken for public use, without just compensation." U.S. Const., V Amdt. The Takings Clause bars government actors "from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." *Armstrong v. United States*, 364 U.S. 40, 49 (1960). Washington's state constitution confers similar protections.

50. Defendant has unreasonably charged Plaintiff for its energy bills, including charges for services that were not provided to Plaintiff.

51. Defendant's demands for payment constitute an effort to complete a taking of Plaintiff's personal property in the form of a demanded payment of $40,290.69 or more.

52. Plaintiff has not been justly compensated for the taking Defendant has pursued throughout the parties' relationship. Plaintiff did not receive services from the Defendant valued in the amount Defendant demands in payment.

COMPLAINT - 11

Smith & Dietrich Law Offices PLLC
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

53. Defendant's acts and threatened acts would constitute a taking of Plaintiff's property for public use without just compensation.

## VI. PRAYER FOR RELIEF

Based upon the above allegations, Plaintiff respectfully requests that this Court enter judgment in its favor against Defendant, and award the following relief:

A. Issue an injunction against Defendant to prevent further collection of the unconstitutionally charged amounts;

B. Issue a declaratory judgment that Defendant's actions violate the United States Constitution and the Washington Constitution;

C. Award Plaintiff compensatory damages for Defendant's violation of its constitutional rights, and award Plaintiff its reasonable attorney fees and costs of this suit under 42 U.S.C. § 1988; and

D. Grant such further relief as the Court deems just and proper.

Respectfully signed and dated March 26, 2021.

SMITH & DIETRICH LAW OFFICES PLLC

/s/ Walter M. Smith
Walter M. Smith (WSBA No. 46695)
walter@smithdietrich.com
Steve E. Dietrich (WSBA No. 21897)
steved@smithdietrich.com
SMITH & DIETRICH LAW OFFICES PLLC
3905 Martin Way E, Suite F
Olympia, WA 98506
Phone: (360) 915-6952
*Attorneys for Plaintiff Pavilion Construction*